## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

PEORIA TRIBE OF INDIANS OF
OKLAHOMA,

        Plaintiff,

v.

STUART D. CAMPBELL;

BAXCASE, L.L.C., an Oklahoma Limited
Liability Corporation;

SNEED LANG, P.C. and its successor,
SNEED LANG HERROLD, P.C., Oklahoma
Professional Corporations;

DOERNER SAUNDERS DANIEL &
ANDERSON, L.L.P., *et al.*,

        Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 19-CV-581-TCK-JFJ

## OPINION AND ORDER

Before the Court is the Motion for Attorney Fees filed by the Peoria Tribe of Indians of

Oklahoma ("Tribe"). Doc. 42. In its motion, the Tribe seeks a total of $66,995 in attorney fees

incurred in successfully pursuing its motion to remand this case to Oklahoma District Court.

Defendants Stuart D. Campbell, Baxcase, L.L.C., Sneed Lang, P.C., Sneed Lang Herrold, P.C.,

and Doerner Saunders Daniel & Anderson, L.L.P., *et al.*, oppose the motion. Doc. 43.

### I. Background

The Tribe sued Defendants in Ottawa County District Court, alleging state law claims for

legal malpractice; breach of fiduciary duty; deceit/fraudulent concealment and failure to disclose;

money had and received; and unjust enrichment.  Doc. 2-1, Petition.  Defendants removed the case to this Court pursuant to 28 U.S.C. §1332, federal question jurisdiction.  Doc. 2.  Thereafter, the Tribe filed a Motion to Remand, arguing federal jurisdiction did not exist.  Doc. 24. On July 28, 2020, the Court granted the Motion to Remand, rejecting Defendants' argument that because the Peoria Tribe's Petition alleged specific violations of federal laws and regulations, the matter involved a federal question pursuant to 28 U.S.C. §§1331 and 1441.  Doc. 40.

Subsequently, the Tribe filed the pending fee motion.

**II. Applicable Law**

The Tribe seeks attorney fees pursuant to 28 U.S.C. §1447(c), which states, in pertinent part:

> . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . .

A federal district court retains jurisdiction to order attorney fees pursuant to 28 U.S.C. §1447(c) even after entry of an order of remand.  *See Perkumpulan Inv'r Crisis Ctr. Dressel WBG v. Sherer*, 2015 WL 2238402 at *1 (D. Utah, May 12, 2015) (holding that because the fee award is collateral to the remand, "jurisdiction over the parties remains for the fee awards, separate from and continuing after the remand.").

"Absent unusual circumstances, courts may award attorney's fees under §1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal," and, "[c]onversely, when an objectively reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

### III. Analysis

The Tribe argues Defendants' removal of this case from state to federal court was unreasonable in light of the Supreme Court's decision in *Gunn v. Minton*, 568 U.S. 251 (2013). In *Gunn*, the Supreme Court held that attorney malpractice does not raise substantial questions regarding "the importance of the issue to the federal system as a whole," and therefore, the case was improperly removed from state court. *Id.* at 260.

Defendants—citing *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 821 (1988)—contend that an award of attorney fees would be inappropriate because the Supreme Court has declined to state a "single, precise, all-embracing' test for jurisdiction over federal issues embedded in state-law claims between nondiverse parties." But the 1988 *Christenson* case predated the 2013 *Gunn* decision—in which the Supreme Court held that attorney malpractice does not raise substantial questions regarding "the importance of the issue to the federal system as a whole"—by more than two decades. At the time Defendants removed the case to this Court in October 2019, *Gunn* had for several years been controlling law on the issue of the removability of tribal cases asserting state law claims.

Accordingly, the Court concludes that the Tribe is entitled to recover reasonable attorney fees incurred in its successful motion to remand the case to state Court. The Tribe's motion is granted in part, and this matter is hereby referred to Magistrate Judge Frank H. McCarthy for a Report and Recommendation as to the appropriate amount of fees.

ENTERED this 26th day of October, 2020.


TERENCE C. KERN
United States District Judge